Susan F. Halman, State Bar No. 111511
E-mail:  shalman@selvinwraith.com
Nancy J. Strout, State Bar No. 121096
E-mail:  nstrout@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:  (510) 874-1811
Facsimile:   (510) 465-8976

Attorneys for Plaintiff
BENCHMARK INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK INSURANCE COMPANY, a Kansas corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DISMON CORP., a California corporation; JAAFAR RAMIN JAAFARIAN, an individual; MASOUD H. TEHRANI, an individual; FATEMEH A. TEHRANI, an individual; and TARA TEHRANI, an individual,<br><br>    Defendants. | CASE NO. 2:15-cv-01539-TJH (FFMx)<br><br>For All Purposes Assigned To:  Judge Terry J. Hatter, Jr., Courtroom 17 (Spring St. Level)<br>Discovery Matters Only Assigned To: Magistrate Judge Frederick F. Mumm, Courtroom E – 9th Floor<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed:  March 3, 2015<br>FAC Filed:  May 8, 2015 |

Having considered the parties' Joint Stipulation for Protective Order, and good cause appearing,

IT IS ORDERED that the following protective order under Federal Rule of Civil Procedure 26(c) shall govern proceedings in this matter:

**1.    PURPOSES AND LIMITATIONS**

This Protective Order prevents the disclosure of documents and other

1
**[PROPOSED] PROTECTIVE ORDER     CASE NO. 2:15-cv-01539-TJH (FFMx)**

information subject to a joint attorney client privilege shared by Benchmark Insurance Company ("BIC") on the one hand, and Dismon Corp. and Jaafar Ramin Jaafarian (collectively, "Dismon") on the other hand (the "Protective Order").  The information sought to be protected was generated in connection with claims made against Dismon by Masoud Tehrani, Fatemeh Tehrani and/or Tara Tehrani, including but not limited to the action entitled *Masoud H. Tehrani and Fatemeh A. Tehrani. v. Dismon Corp., et al.*, Los Angeles County Superior Court, Torrance Courthouse, Southwest Judicial District, Case No. YCO70534 (collectively, the "Tehrani Claim").  The Parties are joint holders of this privilege and neither can waive the privilege on behalf of the other party.  The purpose of the Protective Order is to protect the disclosure of matters subject to this joint privilege to any third party.

**2.    DEFINED WORDS AND PHRASES**

The following words and phrases have special definitions as used in this Protective Order:

**2.1    Attorney-Client Privilege** means "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship."  Cal. Evid. Code § 952.

**2.2    Challenging Party** means a Party or Non-Party that challenges the designation of information or items under the Protective Order.

**2.3    Counsel** means Outside Counsel and (as well as their support staff).

**2.4    Designating Party** means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

1  **2.5** **Disclosure Or Discovery Material** means all items or information,
2  regardless of the medium or manner generated, stored, or maintained (including,
3  among other things, testimony, transcripts, and tangible things) that are produced or
4  generated in disclosures or responses to discovery in this matter.

5  **2.6** **Joint Attorney Client Privilege** means the Attorney Client Privilege as
6  defined in 2.1, above, held jointly by BIC and Dismon over communications regarding
7  the defense of Dismon to the Tehrani Claim.

8  **2.7** **Non-Party** and **Non-Parties** means any natural person, partnership,
9  corporation, association, or other legal entity not currently a Party to this action; parties
10 in default in this action (Masoud Tehrani, Fatemeh Tehrani and Tara Tehrani) are
11 considered Non-Parties.

12 **2.8** **Outside Counsel** means attorneys who are not employees of a Party but
13 are retained to represent or advise a Party and have appeared in this action on behalf of
14 that Party or are affiliated with a law firm which has appeared on behalf of that Party.

15 **2.9** **Party** and **Parties** means any party to this action, including all of its
16 officers, directors, employees, and Outside Counsel (and their support staff), but
17 excluding any party in default in this action.

18 **2.10** **Producing Party** means a Party or Non-Party that produces Disclosure
19 Or Discovery Material in this action.

20 **2.11** **Professional Vendors** means persons or entities that provide litigation
21 support services (e.g., photocopying, videotaping, translating, preparing exhibits or
22 demonstrations, and organizing, storing, or retrieving data in any form or medium) and
23 their employees and subcontractors.

24 **2.12** **Protected Material** means any Disclosure Or Discovery Material that is
25 designated as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND
26 DISMON."

27 **2.13** **Receiving Party** means a Party that receives Disclosure Or Discovery
28 Material from a Producing Party.

**3. SCOPE**

**3.1** The protections conferred by the Protective Order cover Protected Material and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, and information and/or documents any Party acquires informally that may be considered "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON."

**4. DURATION**

**4.1** The confidentiality obligations imposed by the Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order or arbitrator's order otherwise directs, even after final disposition of this action.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1 Exercise of Restraint and Care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under the Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the Protective Order. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, then the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**[PROPOSED] PROTECTIVE ORDER     CASE NO. 2:15-cv-01539-TJH (FFMx)**

### 5.2 Manner and Timing of Designations

Except as otherwise provided in the Protective Order, or as otherwise stipulated or ordered, Disclosure Or Discovery Material that qualifies for protection under the Protective Order must be clearly designated as such before the material is disclosed or produced.

### 5.3 Form of Designation

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in deposition or in other pre-trial or trial proceedings, that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of the Protective Order. Alternatively, a Party or Non-Party offering or sponsoring the testimony may specify, at the deposition or up to twenty (20) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON".

A Party shall give all other Parties notice if it reasonably expects a deposition,

hearing, or other proceeding to include Protected Material so that there is no disclosure that violates the Protective Order.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

### 5.4   Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON" does not, standing alone, waive the Designating Party's right to secure protection under the Protective Order for such material.  If material is appropriately designated as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Protective Order.

## 6.   CHALLENGING PROTECTED MATERIAL DESIGNATIONS

### 6.1   Timing of Challenges

Any Party or Non-Party may challenge a designation of material as Protected Material at any time.  Unless a prompt challenge to a Designating Party's designation

of material as Protected Material is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 6.2   Meet and Confer

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in writing or voice-to-voice dialogue).  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 6.3   Judicial Intervention

A Challenging Party, after considering the justification offered by the Designating Party, may file and serve a motion consistent with the Protective Order that identifies the challenged material that was designated as Protected Material and that sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the Designated Material in question the level of protection to which it is entitled under the Producing Party's designation.

/ / /

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the Protective Order.

### 7.2 Disclosure of Protected Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON" only to the following persons or entities:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) the Judge, the Court, and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) the author or recipient of the document or the original source of the information.

### 7.3 The Filing of Protected Material with the Court

Documents containing Protected Material shall not be filed with the Court absent: (a) consent from the Designating Party; or (b) the issuance of a sealing order

from the Court addressing such privileged and/or confidential information. If the Designating Party does not consent, the Party seeking to file documents containing Protected Material with the Court shall file a motion or an application for an order sealing the document, pursuant to this Court's Civil Local Rule L.R. 79-5, including the procedures described in the Court's Guide to electronically Filing Under-Seal Documents in Civil Cases, available on the Court's website at www.cacd.uscourts.gov.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

**8.1** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Protective Order, and (d) request such person or persons to execute an acknowledgment and agreement to be bound by the Protective Order.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party, who caused the subpoena or order, to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to the Protective Order. Such notification shall include a copy of the Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order in such other litigation, the Party served with the subpoena or court order in that litigation shall not produce any information designated in this action as "JOINT ATTORNEY CLIENT PRIVILEGE BETWEEN BIC AND DISMON" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. MISCELLANEOUS

### 10.1 Right to Further Relief

Nothing in the Protective Order abridges the right of any person to seek its modification by the Court in the future.

### 10.2 Right to Assert Other Objections

By entering in to the Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by the Protective Order.

Dated:    May 16, 2016                    /S/  Frederick F. Mumm

Honorable Frederick F. Mumm
United States District Court

197125.doc